UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SANDRA IRENE DUFFY,<br><br>           Petitioner,<br><br>    v.<br><br>WARDEN OF VICTORVILLE CAMP FCI MEDIUM, I,<br><br>           Respondent. | Case No. 2:23-cv-05702-PA-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.
## INTRODUCTION

On July 13, 2023, the Court received from Sandra Irene Duffy ("Petitioner"), a federal prisoner at Victorville Camp FCI Medium, I, in Adelanto, California, proceeding pro se and without paying the required filing fee or seeking leave to proceed in forma pauperis, a "28 U.S.C. § 2241 for Writ of Habeas Corpus," seeking an order directing the Federal Bureau of Prisons ("BOP") to apply First Step Act ("FSA") earned time credits to Petitioner's sentence. Dkt. 1 ("Pet." or "Petition").

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), a district court "must

promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." See also Mayle v. Felix, 545 U.S. 644, 656 (2005). A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); Lane v. Feather, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 in dismissing a Section 2241 petition).

The Court has reviewed the Petition under Habeas Rule 4 and finds the Petition is subject to dismissal for failure to exhaust administrative remedies.

## II.
## SUMMARY OF THE PETITION

Petitioner contends that she is serving a 206-month term of imprisonment imposed by the United States District Court for the Eastern District of Washington in Case No. 2:11-cr-00107-019. Pet. at 1, Exh. A. She claims she has served over 12 years of her sentence and with good time credits, her release date is April 23, 2026. Id. at 1. She asserts that she also is entitled to FSA earned time credits, which she calculates would result in a release date of November 8, 2023. Id. at 1, 3. Petitioner allegedly asked "BOP staff" if she was going to receive FSA credits and was told she would "only get 1 year of FSA" credits, which she claims is the "opposite" of the FSA. Id. at 1. Petitioner seeks an order directing the BOP to apply FSA credits correctly "as set forth by statute to the administration of [her] sentence[.]" Id. at 1, 4.

## III.
## DISCUSSION

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under

[28 U.S.C.] § 2241." <u>Ward v. Chavez</u>, 678 F.3d 1042, 1045 (9th Cir. 2012). Exhaustion aids "judicial review by allowing the appropriate development of a factual record in an expert forum; conserve[s] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[s] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." <u>Ruviwat v. Smith</u>, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam).

As the requirement is not a "jurisdictional prerequisite," courts have discretion to waive the requirement in Section 2241 cases. <u>Ward</u>, 678 F.3d at 1045 (citation omitted); <u>Laing v. Ashcroft</u>, 370 F.3d 994, 998 (9th Cir. 2004). Courts may waive the requirement where administrative remedies are inadequate or not efficacious, pursuit would be futile, irreparable injury will result, or the administrative proceedings would be void. See <u>Ward</u>, 678 F.3d at 1045; <u>Laing</u>, 370 F.3d at 1000. Factors weighing in favor of requiring exhaustion include whether: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." <u>Noriega-Lopez v. Ashcroft</u>, 335 F.3d 874, 880-81 (9th Cir. 2003) (quoting <u>Montes v. Thornburgh</u>, 919 F.2d 531, 537 (9th Cir. 1990)). The Ninth Circuit has held that sentence computation challenges are "exactly the type of case in which exhaustion of administrative remedies should be required." <u>Chua Han Mow v. United States</u>, 730 F.2d 1308, 1313-14 (9th Cir. 1984); <u>see also</u> <u>United States v. Clayton</u>, 588 F.2d 1288, 1292 (9th Cir. 1979) ("It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due.").

Here, Petitioner appears to concede she has not exhausted her administrative remedies prior to filing her Petition. See Pet. at 2. She argues that the exhaustion requirement should be waived because pursuit would be futile as the BOP has "predetermined the issue that [she] only get 1 year of FSA" credits. Id. Petitioner's contention is apparently based on a statement made by an unidentified "BOP staff" member that she would only receive one year of FSA credits. See id. at 1. Petitioner does not provide any details regarding this interaction, the BOP staff member's position or title, including whether this staff member was authorized or qualified to opine on Petitioner's eligibility for FSA credits, or claim this response represents the BOP's official policy on FSA credits. The Court finds Petitioner has not provided sufficient factual support that the BOP has predetermined the issue such that pursuit of her administrative remedies would be futile. To the contrary, exhaustion of her administrative remedies would assist in development of the factual record, conserve the Court's judicial resources where relief may be granted at the administrative levels, and allows the BOP an opportunity to resolve the issue in the course of the administrative proceedings. See Ruviwat, 701 F.2d at 845. Waiver of the exhaustion requirement is not warranted here. Accordingly, the Petition is subject to dismissal for failure to exhaust administrative remedies.

## IV.

## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than twenty-one (21) days from the date of this Order**, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. To the extent Petitioner contends she has exhausted her administrative remedies, Petitioner is directed to provide information regarding her efforts to exhaust her claim and attach copies of any documents establishing that her claim is indeed exhausted. If

Petitioner claims exhaustion of her administrative remedies should be waived, she shall set forth in detail all facts supporting this contention as well as any supporting documents.

If, after review of this Order, Petitioner should decide not to further pursue this action at this time, Petitioner may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). <u>The Clerk is directed to send Petitioner a Central District Request for Dismissal form</u>.

Petitioner is cautioned that a failure to respond timely in compliance with this Order could result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: July 21, 2023

_____
JOHN D. EARLY
United States Magistrate Judge